Here are the next case on the calendar, United States v. Rose. Morning again. Here representing Mr. Floyd. So what we're asking the court to do is go ahead and allow him to withdraw his plea. He has from our position been committed a state crime of robbery. He's now sitting in the federal prison for five years. And our position is that he should have been allowed to withdraw his plea. And it was an abuse of discretion not to find that. How is it plain error? So thought a lot about that. And I think I have a convincing argument, Your Honor. So we are not asking for acquittal. We are not saying the law is such that forcing somebody to take money out of an ATM is not bank robbery but more on point not Hobbs Act robbery. We're not asking for acquittal because A, we couldn't, and B, the law is not clear on that front. You've got the Fifth Circuit saying that's not a federal crime. You've got the Seventh Circuit saying it is a federal crime. The prong for withdrawing your plea is not innocence. It's a claim of legal innocence. And I submit a credible claim of legal innocence. Obviously a frivolous claim wouldn't get you anywhere. So the question is was there plainly a credible claim of legal innocence? And unless Your Honors think that the Fifth Circuit is always unreasonable, you know, the Fifth Circuit has held this is not a federal crime. But I think Chief Judge Katzman's point is really more about the question of the plain error because this issue that the crime did not involve interstate commerce was not raised below. So it seems that the plain error standard would be applicable here, correct? I'm 100% agreeing that I've got to get over the hurdle of plain error. What's the error and what was plain about the error, particularly given the absence of binding either U.S. Supreme Court or Second Circuit precedent on the issue about interstate commerce and these ATM robberies? The error is that there was plainly a credible claim of legal innocence. And the reason that it is plainly a credible claim of legal innocence is that as far as the Fifth Circuit goes, this isn't a federal crime. And the definition of credible claim is . . . Which was not made. Correct, which is why we're stuck in plain error. So really, then, if we do what you want, then what we should do is . . . What we should caution those in similar situations to your client is don't raise the claim at the outset. Then later on, say you're illegally innocent. Believe me, I would rather he had raised the claim because if he had raised the claim and said, I am innocent because this didn't affect interstate commerce, then I'd be squarely up in front of your honors asking the substantive question, did this impact interstate commerce? And I would be even more squarely in front of you on that front. So I don't think that would be the lesson to be taking from it. So I've struggled with that. And clearly, oftentimes, we're trying to figure out . . . If we were to rule in your favor in terms of the claim, being able to make the claim, do we go ahead and then have to decide it, what the substantive rule is? I mean, often you don't reach out to go ahead and make that decision absent a developed factual record. And so the notion is that he'd be able to . . . Let me ask you this. An argument that has not been made, because I looked at these various cases, the question is whether a person who's forced to take money out of an ATM, out of his account in the ATM, that person's being robbed or the bank is being robbed, basically. But a bank is a debtor to the account holder. That's the nature of banking, right? And so the bank always owes money to that person. And then when the person . . . Because banks borrow the money from the person to go re-lend it to other people, et cetera, et cetera. So they are a debtor to the depositor. And if they're a debtor to the depositor, isn't it every time you take money out of your account, you're basically calling on that debt from the bank, and then the bank honors that debt to the extent that you're requesting the money to be withdrawn in terms of property law? Right. And so . . . And so therefore, I don't see any way in which you're not robbing the bank. You're not involved in interstate commerce, and the bank is not involved. So my UCC, our bank knowledge . . . And also, just to support Judge Walker's point, in the plea agreement, your client agreed to pay restitution directly to Citibank. Right. And so Citibank treated this as an unauthorized withdrawal, and therefore paid the money to the victim, and then therefore was the recipient of the restitution. Right. The fact that the bank takes that position, whether out of customer relations or whatever else it does, isn't going to legally determine the underlying question that Judge Walker has framed correctly, which is, who are you robbing here? And I don't . . . What about the Electronic Funds Transfer Act, which requires banks to reimburse customers for unauthorized electronic fund transfers? And so if their customer relations position is based on the Act, then it is based on the Act. I saw the reference to that in some of the other decisions. I guess that I simplistically think that when I go to an ATM and take money out, the minute it hits my hand, it's my money. It may be held by the bank in whatever capacity it's held, but simplistically, and hopefully correctly legally, it's my money. I'm taking my money back. And once it hits my hand, and this is what the Fifth Circuit went ahead and relied on, once it hits my hand, it's my money. And if they decide to take it that second, a day later, or when it's in my wallet a week later . . . But here they forced him to go to the ATM to take the money out, then you took it from his hand. So it's not as if he had the money he had gotten from the bank before, and then it was taken. He was forced to go back to the ATM to take money out from the bank. I'm agreeing. I mean, this case is more difficult than if you just robbed somebody who took it out five seconds earlier, and you see him walking out. Boom, that's a state robbery. Here, what the government is going to rely upon, and has relied upon in its arguments, is, well, you forced the withdrawal. But in Burton, the individual forced the withdrawal. And I do think that . . . I point your honors and reemphasize the Silverio case out of this circuit, where the wealthy doctor was robbed in his house, and this court had to decide whether it was an effect on interstate commerce. And they went ahead and relied on the fact that, well, they had a wealthy clientele, et cetera, et cetera. In that case, the robbers went ahead and took the gentleman's ATM and went and were instructed to. I don't know that it's not clear from the opinion. We're instructed to go to the ATM and take as much cash out as you can. And when this circuit was struggling with, are we going to find under a parada, et cetera, are we going to find that this affects interstate commerce sufficiently, they didn't mention the ATM at all. So this notion of ATM withdrawal being an effect on interstate commerce, given the ubiquitous nature of ATMs, et cetera. In part because they could find jurisdiction based on several other reasons. The fact that they didn't mention the reason that you were suggesting doesn't mean that . . . Understanding . . . . . . they thought it was inappropriate. Understanding it's a statutory interpretation, exclusio unius, exclusio alterius, uterus, et cetera. Sorry, sorry. I know that one. But, you know, they didn't mention it, and they didn't mention it, and it was a clear fact that was there. And, yes, maybe it had been oversight, but I do think it reinforces what I cited in Kane and what we saw in Burton, which is that where are we going to draw the line here in terms of when is it stealing somebody's money, as opposed to stealing a bank's money, and our position is that this wasn't there. Thank you very much. Thank you. Good morning. May it please the Court. Frank Balsamillo for the United States, and I was counsel below in this matter. Judge Etkin did not commit plain error or any error because, as the Court noted, a robbery committed like this one where the victim is forced to engage in a transaction and a withdrawal from a city bank, a national bank branch, has an inherent effect on interstate commerce through the withdrawal of funds from that bank. I understand your argument, but you've got the, as your adversary points out, you've got the Fifth Circuit's decision in Burton. Why shouldn't we follow Burton? Your Honor, given the procedural history, given the way this comes before the Court with the plain error standard, the fact that there is the Burton decision and then the contrary McCarter and Durham decisions in the Seventh Circuit mean that Judge Etkin could not have committed a clear or obvious error here. There is no clear law on that particular issue, whether a robbery like this is robbery of the bank itself. I don't think there's any dispute robbing city bank affects interstate commerce, so that itself cannot be the basis for a clear or plain error on Judge Etkin's part. Even if the robbery were construed as being a robbery of the individual account holder, I think under Silverio and Parada, commerce was still affected in a number of ways discussed in that case, including that it targeted the assets of an interstate business. So city bank was deprived of $900 that this victim was forced to take out of that bank. That's right, as Judge Bolden has pointed out. If the robber were waiting by the ATM and somebody takes money out of her account and then is robbed, that's a different story. I think that would present a very different factual case. I think there may be scenarios, depending on how much money and depending on what the robber knew about the person who was making the withdrawal, conceivably there's a Hobbs Act violation there. But certainly that is a very different factual scenario. Had this victim simply made his withdrawal and walked back out, there would have to be a different factual premise, I think, for the effect on commerce. Here he was actually believing he was at gunpoint, taken to the bank to get money out of the bank. And so part of the robbery, as it was conceived by these robbers, was to induce a transaction with an interstate entity and to take that money from the bank. Additionally, with respect to the plain error standard, Mr. Rose cannot show that any alleged error prejudicially affected his substantial rights or in any way impugns the fairness or integrity of judicial proceedings here. Other than this novel legal question being raised for the first time on appeal, there's no dispute as to how the plea was taken or any other issues about why it was maintained. And so for that reason . . . They haven't pursued any of the arguments that were made below. Correct. The arguments made below related to whether . . . Voluntariness. Correct. Defense counsel at the time forced Mr. Rose to take the plea. And there was a full hearing on that. Counsel at the time testified at that hearing, and Judge Etkin made factual findings with respect to the voluntariness of the plea. That's not being pursued here. I understand your adversary to say that you can withdraw a plea by asserting a plausible legal innocence argument. And I think, Your Honor, that's simply incorrect under the plain error standard. The idea that any arguable legal claim could then be raised and that if the district judge didn't come up with it on his own . . . It's a claim of innocence. Suppose a person were engaged in money laundering, but they used the wrong prong of the money laundering statute, the international prong versus the domestic prong, and so therefore the person was convicted of really a crime that wasn't charged. Would you say that that could not be reviewed for plain error? I think it . . . Did it reach the conduct in question or the statute had been repealed? I think if there were clear law that the statute did not reach the conduct in question or there were clear law that . . . You can make an argument. So what your point is is that you can argue innocence, but it depends upon how strong your argument is as to whether you get to make it. I think it depends on the clarity and the obviousness of the legal innocence. And here, given an existing circuit split and no binding precedent on the issue, there is no clear and obvious error. And again, specifically where this circuit split exists is only with respect to bank robbery. On the issue of the effect on interstate commerce under the Hobbs Act, I think there's even less of a clear or obvious basis for a legal innocence claim here. Well, interstate commerce is a component of the Hobbs Act. Yes, it's the jurisdictional element that there needs to be an effect on commerce. To the extent Mr. Rose now argues that this robbery did not actually affect commerce, I understand this to be a legal argument that a robbery like this could never affect commerce, as opposed to a factual innocence argument, which obviously a record would have to be developed. It would have been had it been raised at the time. It could be on a 2255. Does this point the amount of money is too little to affect commerce? I don't understand him to be making any factual points like that. I think this is sort of a categorical argument that forcing someone to withdraw money from an ATM doesn't affect interstate commerce. And for a variety of, I think, fairly obvious reasons, I don't think that that can be a categorical law. I thought the point was that if it came from the bank, it would affect interstate commerce. If you were robbing the bank, it's one thing. If you're robbing the individual, not just the individual, it's not interstate commerce. Isn't that what we're talking about? I think that is. Once you're robbing the bank or the bank is affected and somehow deprived of its money or its ability to do business or whatever, then interstate commerce would be affected. That is our position, yes. And that is what Mr. Rose pled guilty to. That was what he was charged with. And I think that that's what's supported here, that there was no plain error in Judge Etkin accepting on those facts that were before him that commerce was affected by this robbery. For those reasons, the government respectfully requests that the court affirm the judgment below. If there are no further questions, I'll rest on my submission. Thank you. Thank you. Thank you, Your Honors. I wanted to point out that Burton, while it dealt with bank robbery, also had a count of Hobbs Act robbery, which was dismissed by concession of the government. So it did go to the Hobbs Act robbery, and that's in the end of the opinion. I was interested, Judge Walker was just questioning my opponent in terms of bank robbery and used the term if the bank is deprived of its money. Certainly a bank is robbed. When somebody goes into an ATM and goes in with a crowbar and takes money out, we know that the bank is being robbed. Whose money is being taken here? And our submission is that it's the individual's money. He's owed that money back from the bank. He gets it in his pocket and hands it over. So our position is that it is his money. And the final point, and I know we've struggled, I've struggled with trying to answer well. It would be true of any bank robber who goes into a bank and gets money out of a customer's account as opposed to just money that the bank has lying around. Not unless it – that would have to go into the customer's – I mean, it's an interesting question. I don't know. I haven't researched. If you go into a bank and there's all sorts of customers there and you take stuff from behind the window, you're robbing the bank. If you take something from the wallet of the customer, I assume you're robbing the customer. What's different here is that it goes to the valid owner and then goes to the person as opposed to simply taking it from behind the window. My client is not asking for acquittal. He's asking to go to jury trial. He pled guilty. He has to demonstrate a fair and just reason to withdraw his plea of guilty. He may lose at trial. He may win at trial. And having a credible claim of legal innocence, that is the test. And our position is that he plainly has a credible claim of legal innocence. Yeah, I'd love it to be way on this side of the spectrum where your honors say, well, of course, this is even close to affecting interstate commerce. And so therefore – and my guess is how strong you find it will weigh more towards the sign of plain. But it is different than acquittal. And in terms of substantial rights, obviously an individual and the right to go to trial is incredibly important. I understand the importance of guilty pleas, but he's asking to go to trial. When you ask us, we have to determine whether there's a credible claim of legal innocence. That means we have to decide the question about whether you're robbing a bank or the person. A credible claim of legal innocence requires that there be an objectively reasonable argument. Right, but what would the jury be charged? Don't we have to look at that? And if it went and the jury could be charged that this was the bank's money? But that's a question of law, isn't it? That wouldn't be for the jury to decide, which, you know, as a legal matter, whether this is bank money or individual money. Ultimately, it is a question of law, and I guess the question is going to be whether it gets decided now or it gets, from our perspective, remanded. If we were to decide against you on that question and against Burton, then there would be no credible claim. Right? Under the then-existing Second Circuit law, there would be no credible claim because your Honors have indicated that this does affect interstate commerce. I agree. Thank you very much. Thank you. Thank you both for your arguments, and the Court will reserve decision.